UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Daryl-Ward Davey,

Petitioner,

vs. ORDER

State of Minnesota,
MinnStar Bank National
Association, Randy J.
Zellmer, James D. Mason,
and John Doe,

Respondents. Civ. No. 00-2086 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of September, 2000.

* * *

The Petitioner has filed a Petition for a Writ of Habeas Corpus which claims that he is being illegally "held in State hostage" by the Respondent. Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts provides that a Petition for Habeas Corpus "shall be in substantially the form annexed to these rules, except that any district court may by local rule require that petitions filed be in a form prescribed by the local rule." Accordingly, our Local Rule, D. Minn. LR 9.3, directs that "Petitions for a Writ of Habeas Corpus, whether brought by a state or federal prisoner, * * * shall be submitted for filing in a form

SEP 21 2000
FILED
CLERK

which is substantially in compliance with forms available from the Clerk of Court."

Notwithstanding these directives, the Petition here has not been presented in a form which is substantially in compliance with the form Habeas Petitions which are made available by the Clerk of our Court. Among its other failings, the Petition does not inform the Court as to: (1) the date of his Judgment and conviction; (2) whether he appealed from his Judgment and conviction; (3) whether he sought further review of his Judgment and conviction in the Minnesota State Courts; and (4) whether he has previously filed any Petitions, Applications, or Motions with respect to this Judgment or conviction.

Nevertheless, even a cursory review of the Plaintiff's current submission reveals that he is not entitled to relief under Title 28 U.S.C. §2254. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '**in custody** in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989)(emphasis added), quoting Title 28 U.S.C. §2241(c)(3); see also Title 28 U.S.C. §2254(a); Williams v. Taylor, --- U.S. ---, 120 S.Ct. 1495, 1504 n. 7(2000)(The Writ of Habeas Corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the

United States). Here, the Petitioner does not profess to be in custody but, rather, he alleges that he was the subject of an unlawful eviction summons, and an unlawful mortgage foreclosure. See, Application for Writ of Habeas Corpus. As such, the Petitioner is not entitled to a Writ of Habeas Corpus.

Further, the Petitioner's submission fails to provide any basis upon which this Court may properly exercise jurisdiction, as it does not purport to be an attempt to remove the Petitioner's State proceedings to Federal Court, and it does not allege any cause of action based upon a claim or right "arising under the Constitution, treaties, or law of the United States." Title 28 U.S.C. §1441(b); see also, Title 28 U.S.C. §1331. As such, without more, we are unable to exercise jurisdiction over any of the Petitioner's State law claims.

Consequently, because the Petitioner's current submission evidences his lack of entitlement to Habeas relief, and because there are no allegations, within his submission, that would allow this Court to exercise jurisdiction, we direct the Clerk of Court to return the instant Petition to the Petitioner. Thereafter, should the Petitioner wish to pursue this action, **by no later than twenty days from the date of this Order**, he is to file an Amended Complaint which contains allegations stating a valid Federal cause of

action, which would allow this Court to exercise its jurisdiction.[1]

---

[1]At this time, the Petitioner is forewarned that, as provided by Rule 11, Federal Rules of Civil Procedure:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law * * *.

Rule 11, Federal Rules of Civil Procedure.

Rule 11 also requires that every Motion, which is filed in a Federal District Court, be signed by the party, or an attorney of Record. This requirement "imposes a duty on [individuals] to certify [by their signature] that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Simitar Entertainment, Inc. v. Silva Entertainment, Inc., 44 F. Supp.2d 986, 991 (D. Minn. 1999), quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). According to the Supreme Court, "the central purpose of Rule 11 is to deter baseless filings in district court." Id., quoting Cooter & Gell v. Hartmarx Corp., supra at 393. Under Rule 11(c), Federal Rules of Civil Procedure, "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may * * * impose an appropriate sanction upon the attorney, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Monson Trucking, Inc. v. International Broth. of Teamsters, Local 346,

Lastly, the Petitioner is cautioned that his failure to comply with any of these directives, including the time limitation noted, shall result in our issuance of a Recommendation that his Petition be summarily dismissed.

NOW, THEREFORE, It is --

ORDERED:

1. That the Clerk of Court shall return to the Petitioner the instant Petition for Writ of Habeas Corpus.

2. That, pursuant to Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court shall retain a copy of the original Petition in the Court's Official File.

3. That should the Petitioner wish to pursue this action, then, **by no later than twenty days from the date of this Order**, he is to file an Amended Complaint, which contains allegations that would allow this Court to exercise its jurisdiction.

---

2000 WL 1196317, *8 (D. Minn. 1999). We do not wish to deter the Plaintiff from filing a proper request for Federal relief, but we do wish to forewarn him that a frivolous filing will be subject to the prohibitions, and cure, of Rule 11.

4. That, should the Petitioner fail to comply with any of these directives, including the time limitation noted, the Court shall issue a Recommendation that his Petition be summarily dismissed.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE